

FEB 1 1 2016

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

Plaintiff,

v.

D-1 Mectron, Inc.,

Defendant.

No. 16cr20042

Hon. John Corbett O'Meara

Offense: 50 USC 1705(a)

Maximum Fine: $1,000,000

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, Mectron, Inc., and the government agree as follows:

1. **Guilty Plea**

   A. **Count of Conviction**

   Mectron will enter a plea of guilty to count one of the information, which charges it with unlawful export to Iran, in violation of 50 United States Code section 1705(a).

   B. **Elements of Offense**

   The elements of count one are as follows:

   1. Mectron exported, sold, or supplied goods, technology or services to Iran;

2. Mectron failed to obtain an export license from the United States Department of Treasury before engaging in the export, sale or supply;

3. Mectron acted knowingly and willfully.

C.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for Mectron's guilty plea:

Mectron is a Michigan-based manufacturer of industrial inspection equipment. In 2008 through 2010 Mectron manufactured a parts inspection machine which was designated the MI-8500. In November, 2009, Mectron was informed by its attorney that it was illegal to sell equipment to Iran, either directly or indirectly, unless Mectron first obtained an export license to do so. Between January and March, 2010, Mectron, through its employees, arranged to sell an MI-8500, through a Turkish intermediary, to the Iran Tohid Company. As Mectron was well aware, the Iran Tohid Company was then based in Tehran, Iran. Mectron did not obtain an export license from the United States Department of Treasury before exporting the MI-8500 to Iran. On about March 19, 2010, Mectron nonetheless caused the MI-8500 to be exported to Iran, in exchange for a total payment from Iran Tohid of $47,500.

2. **Sentencing Guidelines**

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Sentence Determination**

The parties agree that Mectron's sentence is not governed by the United States Sentencing Guidelines. Although the offense conduct is covered by USSG § 2M5.1, section 2M5.1 is not included in USSG § 8C2.1, which is the Sentencing Guidelines provision that governs criminal fines for organizations. Accordingly, pursuant to USSG § 8C2.10, the sentence is determined by applying 18 U.S.C. §§ 3553 and 3572.

C. **Relevant Conduct**

The relevant conduct in this case includes Mectron's selling an MI-8500 to Iran Tohid, through a Turkish intermediary, for about $44,600, on about October 2, 2008.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. §§ 3553 and 3572.

A. The parties agree that Mectron will pay a fine in the amount of $200,000, and recommend that this fine be the sentence imposed.

B. Mectron will be placed on probation for five years.

C.  Restitution is not applicable.

4.  **Compliance Program**

At the beginning of the period of probation Mectron will establish an appropriate compliance program, monitored by an independent entity, to ensure that it has effective procedures in place to prevent future violations of United States export laws. That compliance program will remain in effect for the duration of the period of probation, and will include full disclosure to the United States government as requested by the government.

5.  **Use of Withdrawn Guilty Plea**

If the Court allows Mectron to withdraw its guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), Mectron waives its rights under Fed. R. Evid. 410, and the government may use its guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against it in any proceeding.

6.  **Other Charges**

If the Court accepts this agreement, the government will not bring additional charges against Mectron, or its present and former employees, for: 1) the sale of the two Ml-8500s that are described above; 2) the delivery of ancillary goods and services to the Iranian customer; or 3) false statements made to agents of the United States on July 24, 2012.

- 4 -

7. **Each Party's Right to Withdraw from This Agreement**

Neither party may withdraw from this agreement.

8. **Appeal Waiver**

Mectron waives any right it may have to appeal its conviction on any grounds. If Mectron's fine does not exceed $200,000, Mectron also waives any right it may have to appeal its sentence on any grounds.

9. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If, notwithstanding paragraph seven, above, Mectron is allowed to withdraw its guilty plea, or if the conviction entered pursuant to this agreement is vacated, and if additional charges are filed against Mectron within six months after the date the order vacating Mectron's conviction or allowing it to withdraw its guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in paragraphs 2C and 5, above, Mectron waives its right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10. **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to Mectron or to the attorney for Mectron at any time before Mectron pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement also does not prevent any civil or administrative actions against Mectron, or any forfeiture claim against any property, by the United States or any other party.

12.   **Acceptance of Agreement by Mectron**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on February 12, 2016. The government reserves the right to modify or revoke this offer at any time before Mectron pleads guilty.

Barbara L. McQuade
United States Attorney

_____
Jonathan Tukel
Assistant United States Attorney
Chief, National Security Unit

_____
Michael Martin
Assistant United States Attorney

_____
Lynn Helland
Assistant United States Attorney

Date: 2-11.16

By signing below, Mectron's representative acknowledges that he has read this entire document, understands it, and agrees to its terms. He also acknowledges that Mectron is satisfied with its attorney's advice and representation. Mectron agrees that it has had a full and complete opportunity to confer with its lawyer, and has had all of its questions answered by its lawyer.

_____
David DuMouchel
Attorney for Mectron

Date: 1/25/16

_____
Mark Hanna, President
Mectron, Inc.

Date: 1/22/16

- 7 -